UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Taurus Flavors, Inc., an Illinois corporation,** | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) ) | Civil Action No. 14-cv-_____ |
| **More Flavors, Inc., an Illinois corporation, and Marian McAfee, as an individual,** | ) ) ) ) ) | |
| *Defendants.* | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

NOW COMES Plaintiff, Taurus Flavors, Inc. ("Taurus" or the "Company"), by and through its attorney, MASON S. COLE of the law firm of COLE SADKIN, LLC, and for its Complaint for Injunctive Relief and Damages against the Defendants, More Flavors, Inc. ("More Flavors") and Marian McAfee, and hereby states as follows:

### INTRODUCTION

1. The present action is lodged against the Defendants seeking injunctive relief; compensatory, punitive, and statutory damages; and attorney's fees for consistent violation of the Lanham Act.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks (the "Lanham

1

Act"), and wherein all other claims are so related to claims within this Court's original jurisdiction that they form part of the same case or controversy.

3. This Court also has supplemental subject matter jurisdiction of this action under 28 U.S.C. § 1367, in that this is a civil action where the state law breach of contract and trademark infringement claims would be lawfully governed under this district court's authority.

4. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

5. Plaintiff, Taurus Flavors, Inc., is an Illinois corporation with its principal place of business located at 8534 South Stony Island Street, Chicago, IL 60617.

6. Defendant More Flavors, Inc. is an Illinois corporation with its principal place of business located at 538 East 158th Street, South Holland, IL 60473.

7. Defendant Marian McAfee is an Illinois resident and the Illinois registered agent of More Flavors. Ms. McAfee's listed registered agent address is 38 East 112th Street, Chicago, IL 60628.

## STATEMENT OF FACTS

Taurus Names and Marks

8. Taurus has developed, and is the sole and exclusive owner of, a unique and uniform system for creating and marketing their sandwiches for the Chicago community.

9. To identify the source, origin, and sponsorship of Taurus restaurants and the products and services they offer, and to distinguish those restaurants, products, and services from those established, made, offered, and sold by others, Taurus has extensively used certain

Case: 1:15-cv-00265 Document #: 1 Filed: 01/12/15 Page 3 of 14 PageID #:3

trademarks, service marks, trade names, logos, emblems, and indicia of origin, including the name and character mark "TAURUS FLAVORS SINCE 1966" (the "Taurus Marks").[1]

10. "TAURUS FLAVORS SINCE 1966" is registered on the Principal Register of the United States Patent and Trademark Office. The registration of "TAURUS FLAVORS SINCE 1966" continues in full force and effect, and all those eligible are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

12. The remaining Taurus Marks are registered with the Illinois Secretary of State and continue in full force and effect under the Illinois Trademark Registration and Protection Act, 736 ILCS 1036.

13. Taurus has provided consistent and proper notice to the public of the registration of the Taurus Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that Taurus remains the exclusive user of the Taurus Marks.

14. Taurus has continuously used the Taurus Marks in interstate commerce in connection with the promotion, sale, and licensing of Taurus Marks since the date of the Marks' registration.

15. Taurus has the exclusive right to use and license the Taurus Marks and derivations thereof. Pursuant to licensing agreements entered into by and between Taurus and its

---

[1] Taurus Flavors, Inc. is the registered owner of character mark "TAURUS FLAVORS SINCE 1966", U.S. Reg. No. 2,593,840. Taurus Flavors, Inc. filed a trademark application for "HOAGY SUPREME", Serial No. 76118470 on August 29, 2000. This application was abandoned on September 3, 2001. Taurus Flavors, Inc. Taurus Flavors, Inc. filed a trademark application for "SUPREME STEAK", Serial No. 76118276 on August 29, 2000. This application was abandoned on August 29, 2001. Taurus Flavors, Inc., through its previous owner Ed Perkins, maintains active service marks and trademarks with the Illinois Secretary of State, including the following registrations:
- "TAURUS FLAVORS", File Number 095193;
- "TAURUS FALVORS - SINCE 1966 - WITH LOGO - WORDS APPEAR IN STYLIZED PRINT WITH DEPICTION OF A REARING BULL", File Number 102294;
- "HOAGY SUPREME SANDWICH", Reg. No. 095195; and
- "SUPREME STEAK SANDWICH", Reg. No. 095194.

authorized and approved licensees, Taurus grants licenses to qualified persons to lease and utilize the Taurus Marks, but only in such manner and at such locations as are expressly authorized by Taurus.

16. Taurus and its licensees use the Taurus Marks as the marks and trade identity by which the products and services offered by Taurus and its licensees are distinguished from other quick service restaurants and the products and services made and sold by them.

17. Taurus and its authorized licensees have extensively advertised and promoted Taurus restaurants and the products and services they offer under the Taurus Marks throughout the United States and through various online and social media. As a result of such efforts and the considerable money spent in connection therewith, the products and services offered by Taurus and its franchisees under the Taurus Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States, including the State of Illinois.

<u>The Parties' Written Trademark Licensing Agreeement</u>

18. On or about August 6, 2002 (the "Effective Date"), More Flavors purchased a satellite location of Taurus Flavors, located at 38 East 112th Street, Chicago, IL 60628. As consideration for purchasing the equipment, lease, and client assets of this location, More Flavors agreed to pay a principal cost of forty-six thousand, seven hundred and fifty-five dollars and twenty-one cents ($46,755.21) plus interest.

19. More Flavors simultaneously purchased a limited license (the "License Agreement") to use various Taurus Marks, specifically "TAURUS FLAVORS SINCE 1966" for

use at More Flavors various locations.[2] As consideration for use of the Taurus Marks and pursuant to § 2 of the License Agreement, More Flavors agreed that ten percent (10%) of all monthly gross sales are to be paid to Taurus Flavors. *See* License Agreement, attached as **Exhibit 1**.

20. In entering into this License Agreement, defendants expressly acknowledged that if the Taurus Marks are not properly utilized pursuant to this License Agreement, that Taurus Flavors has the right to demand an immediate cease of use.

Termination of the Written Trademark Licensing Agreement

21. Upon signing the aforementioned agreements in August 2002, More Flavors almost immediately ceased making payments pursuant to intended schedules and amounts. Between the Effective Date and the present, current and prior counsel for Taurus Flavors have attempted to correspond via email, hardcopy mail, and phone calls with the defendants in an effort to produce payment. *See, e.g.,* Prior Correspondence Regarding Outstanding Balance, attached as **Exhibit 2**.

22. By reason of defendants' repeated defaults and consistent failure to operate its restaurant in strict compliance with Taurus' standards and specifications, Taurus determined to exercise its right to terminate the License Agreement pursuant to §§ 7, 8, and 10. By final written notice of July 21, 2014, Taurus formally terminated defendants' Agreement based upon defendants' continual nonresponse and default payments.

23. Notwithstanding the defendants' post-termination obligations under the License

---

[2] As of the date of this filing, plaintiff's counsel is aware of the following locations owned and operated by More Flavors, all of which infringe upon the Taurus Marks: 38 East 112th Street, Chicago, IL 60628; 770 East 142nd Street, Chicago, IL 60419; 112 East 71st Street, Chicago, IL 60619; 7036 South Western Avenue, Chicago, IL 60636; 2233 East 75th Street, Chicago, IL 60649; 115 East 75th Street, Chicago, IL 60649; 502 East 79th Street, Chicago, IL 60619; 10243 South Michigan Avenue, Chicago, IL 60628; and 9915 South Torrence Avenue, Chicago, IL 60617.

Agreement, defendants continue to operate a sandwich business at the same location as their former licensed restaurant, offering the same products and services to the same customers they served as an authorized and approved Taurus licensee, and using the Taurus Marks in connection therewith. Defendants have failed and refuse to perform any of their post-termination obligations under the License Agreement.

## COUNT I
## LANHAM ACT - TRADEMARK INFRINGEMENT

24. Plaintiff incorporates and restates each of the above paragraphs 1 through 23 as if fully set forth herein.

25. Defendants' acts, practices, and conduct constitute an infringing use of a reproduction, counterfeit, copy, or colorable imitation of the Taurus Marks, and defendants' sale, offering for sale, distribution, or advertising of goods and services under the Taurus Marks, or any designs similar thereto, is likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. § 1114(1).

26. As a direct and proximate result of defendants' infringement, Taurus has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenue and profits, and diminished goodwill.

27. Taurus has no adequate remedy at law because the Taurus Marks are unique and represent to the public Taurus' identity, reputation, and goodwill, such that damages alone cannot fully compensate Taurus for defendants' misconduct.

28. Unless enjoined by this Court, defendants will continue to use and infringe the Taurus Marks, to Taurus' irreparable injury. This threat of future injury to Taurus' business

identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued use of the Taurus Marks, and to ameliorate and mitigate Taurus' injury.

## COUNT II
## LANHAM ACT - UNFAIR COMPETITION

29. Taurus incorporates and restates paragraphs 1 through 23 as if fully set forth herein.

30. Defendants' acts, practices, and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services, and commercial activities, all in violation of 15 U.S.C. § 1125(a).

31. As a direct and proximate result of defendants' unfair competition, Taurus has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

32. Taurus has no adequate remedy at law because the Taurus Marks are unique and represent to the public Taurus' identity, reputation, and goodwill, such that damages alone cannot fully compensate Taurus for defendants' misconduct.

33. Unless enjoined by this Court, defendants will continue to use and infringe the Taurus Marks, to Taurus' irreparable injury. This threat of future injury to Taurus' business identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued use of the Taurus Marks, and to ameliorate and mitigate Taurus' injury.

## COUNT III
## BREACH OF CONTRACT - POST-TERMINATION OBLIGATIONS

34. Taurus incorporates and restates paragraphs 1 through 23 as if fully set forth herein.

35. Defendants' have failed and refused to perform its post-termination obligations under the License Agreement, including its obligations to (i) pay all amounts owed to Taurus, (ii) cease using the Taurus Marks, (iii) surrender to Taurus all materials bearing any of the Taurus Marks, (iv) de-identify their former licensed Taurus restaurant, and (v) discontinue all use of any confidential and proprietary information of Taurus.

36. In addition, defendants' continued operation of a sandwich business at the same location as their former licensed Taurus restaurant violates and constitutes a breach of their covenant not to compete pursuant to fiduciary duty obligations pursuant to state law.

37. Unless ordered by the Court to perform their post-termination obligations under the License Agreement, defendants will continue to breach their post-termination obligations, along with continuing to confuse the public and compete against Taurus in violation of fiduciary duty obligations.

38. Unless defendants are ordered to perform their post-termination obligations under the License Agreement, Taurus is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill, for which Taurus has no adequate remedy at law.

39. This threat of future injury to Taurus' business identity, goodwill, and reputation requires that defendants be ordered to perform their contractual post-termination obligations under the License Agreement to prevent defendants' continued breach and to ameliorate and

mitigate Taurus' injury.

40. Taurus at all times fully performed all of its obligations under the License Agreement.

## COUNT IV
## BREACH OF CONTRACT - DAMAGES

41. Taurus incorporates and restates paragraphs 1 through 23 as if fully set forth herein.

42. Under the License Agreement, defendants' agreed to operate their licensed Taurus restaurant in strict compliance with Taurus' standards and specifications in perpetuity, and, in connection therewith, to pay to Taurus (i) a monthly royalty fee in an amount equal to ten percent (10%) of gross sales.

43. Defendants have materially breached the License Agreement by failing to operate their licensed Taurus restaurant in compliance with Taurus' standards and specifications, resulting in the termination of the License Agreement.

44. As a direct and proximate result of defendants' breach, Taurus has been damaged in an amount equal to the lost royalty fees it would have earned for the remainder of the License Agreement's term but for the defendants' breach.

45. Taurus at all times fully performed all of its obligations under the License Agreement.

## COUNT V
## ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT - TRADEMARK INFRINGEMENT

46. Taurus incorporates and restates paragraphs 1 through 23 as if fully set forth

herein.

47. Defendants' acts, practices, and conduct constitute an infringing use of a reproduction, counterfeit, copy, or colorable imitation of the Taurus Marks, and defendants' sale, offering for sale, distribution, or advertising of goods and services under the Taurus Marks, or any designs similar thereto, is likely to cause confusion or mistake or to deceive the public in violation of 765 ILCS 1036/60(a).

48. As a direct and proximate result of defendants' infringement, Taurus has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenue and profits, and diminished goodwill.

49. Taurus has no adequate remedy at law because the Taurus Marks are unique and represent to the public Taurus' identity, reputation, and goodwill, such that damages alone cannot fully compensate Taurus for defendants' misconduct.

50. Unless enjoined by this Court, defendants will continue to use and infringe the Taurus Marks, to Taurus' irreparable injury. This threat of future injury to Taurus' business identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued use of the Taurus Marks, and to ameliorate and mitigate Taurus' injury.

## COUNT VI
## PIERCING THE CORPORATE VEIL

51. Taurus incorporates and restates paragraphs 1 through 23 as if fully set forth herein.

52. At all relevant times, Defendant Marian McAfee by her complete exercise and dominion and control of More Flavors, Inc. is the alter ego of More Flavors, Inc.

53. Defendant Marian McAfee has failed to provide one or more the following:

a.   to provide adequate capitalization of the corporation;

    b.   failed to keep corporation solvent;

    c.   commingled funds of the corporation and of her personal account; and

    d.   failed to maintain an arm's-length relationship among related entities.

54. Defendant Marian McAfee used More Flavors, Inc. as a shield of liability while acting in a reckless disregard while conducting business under the legal entity of More Flavors, Inc.

55. As a result of Defendant Marian McAfee's actions, plaintiff suffered damages.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Taurus, respectfully requests that this Honorable Court issue judgment in its favor on all applicable Counts in this Complaint, and grant Plaintiff an award that fully compensates him for all damages approximately suffered because of the Defendant's illegal and unjust practices:

i.   A preliminary and permanent injunction enjoining defendants, and their agents, servants and employees, and those people in active concert or participation with him from:

    a.   Using the Taurus Marks or any trademark, service mark, logo, or trade name that is confusingly similar to the Taurus Marks;

    b.   Otherwise infringing Taurus Marks or using any similar designation, alone or in combination with any other components;

    c.   Passing off any of his products or services as those of Taurus or its authorized licensees;

  d.  Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Taurus business, products, or services;

  e.  Causing a likelihood of confusion or misunderstanding as to the affiliation, connection, or association with Taurus and its licensees or any of Taurus products or services; and

  f.  Unfairly competing with Taurus or its licensees in any manner;

ii. An Order directing defendants immediately to perform their contractual post-termination obligations under the License Agreement, including, without limitation, their obligations to:

  a.  Pay all amounts owed to Taurus estimated at approximately one million dollars ($1,000,000.00);

  b.  Cease using the Taurus Marks;

  c.  Surrender to Taurus all materials bearing any of the Taurus Marks;

  d.  De-identify their former franchised Taurus restaurant; and

  e.  Discontinue all use of any confidential and proprietary information of Taurus and return to Taurus all copies of any hardcopy proprietary information in defendants' possession.

iii. An Order preliminarily and permanently enjoining defendant, for a two-year period, from owning, directly or indirectly, or engaging in, any sandwich restaurant business located within five (5) miles of any Taurus or More Flavors location;

iv. An Order pursuant to 15 U.S.C. § 1118 and 765 ILCS 1036/70 that all labels, signs, prints, packages, wrappers, receptacles, uniforms, logo items, and advertisements in the possession of defendants, their agents, servants and employees, and those people in active concert or participation with them bearing the Taurus Marks, and all plates, molds, and other

meanings of making the same, if any, be delivered to Taurus at defendants' cost;

v. That defendants be required to promptly eliminate their advertising under the Taurus Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupon promotions, signs, telephone books, telephone directory assistance listings, and mass mailings, all at defendants' cost;

vi. That defendants be required to file with the Court and to serve upon Taurus counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which he has complied with such injunction or order;

vii. That defendants account and pay over to Taurus all gains, profits, and advantages derived by them as a result of their infringement of the Taurus Marks, unfair competition and breach of contract to the full extent provided for by (1) Section 35 of the Lanham Act, 15 U.S.C. § 1117, (2) Section 70 of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036, and (3) the controlling principles of common law;

viii. That defendants pay to Taurus such damages as Taurus has sustained by reason of defendants' trademark infringement, unfair competition, and breach of contract, including, without limitation, lost future royalty fees and advertising contributions; and that, because of the willful nature of said infringement, the Court enter judgment for Taurus for three times of said damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, and Section 70 of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036;

ix. An award of the costs and expenses, including reasonable attorney's fees, incurred by Taurus in connection with this action as provided for in the License Agreement; and

x. Such other and further relief as this Court deems just and proper.

Dated: January 12, 2015					Respectfully Submitted,


							By:	/s/ Mason S. Cole_____
								Mason S. Cole


Cole Sadkin, LLC
20 South Clark Street, Suite 500
Chicago, IL 60603
colesadkin.com
(312) 548-8610
mcole@colesadkin.com
*Attorneys for Plaintiff*